IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Bankruptcy No. 91-73129 |
| | ) | |
| CLEVELAND GREEN, | ) | A.P. No. 01-70136-TBB |
| Debtor. | ) | |

| | | |
|---|---|---|
| CLEVELAND GREEN, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 02-G-2621-S |
| THE UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF EDUCATION; | ) | |
| THE UNITED STATES OF AMERICA, | ) | ENTERED |
| DEPARTMENT OF TREASURY; and | ) | SEP - 4 2003 |
| CHARLES WILSON, | ) | |
| Appellees, | ) | |
| | ) | |
| C. DAVID COTTINGHAM,  Trustee. | ) | |

## MEMORANDUM OPINION

This cause comes before the court as an appeal from an order issued by the bankruptcy court granting summary judgment in favor of appellees. Cleveland Green [hereinafter Green] filed an adversarial complaint against defendants in the bankruptcy court November 1, 2001, alleging that he was a

debtor in a prior Chapter 13 bankruptcy case,[1] in which he had received a discharge of a student loan on May 1, 1992.[2] On June 16, 1992, upon motion to modify the order the following order was entered:

> The above motion being considered by the Court it is hereby ordered that the balance owed to the creditor over and above the amount of the judgment granted in paragraph 1. of this Court's order

---

[1] Case Number 91-73129 in the United States Bankruptcy Court for the Northern District of Alabama, Western Division.

[2] Pertinent portions of the judgment read as follows:

This matter came before the Court for hearing on COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT filed by plaintiff, Cleveland Green, against defendant, U.S. Department of Education, Higher Education Assistance Foundation, and the Court having heard and considered the evidence, it is, by the Court,

CONSIDERED AND ORDERED:

1. That the judgment be and same is rendered in favor of the defendant, U.S. Department of Education, Higher Assistance Foundation against the plaintiff, Cleveland Green, for the sum of ONE THOUSAND FOUR HUNDRED TWENTY-SEVEN AND 87/100----($1,427.87) DOLLARS.

2. It is further ordered by the Court that payment of the proceeds of the judgment herein shall be made by the Standing Trustee, and that upon receipt of payment in full, such attorney for judgment creditor will satisfy said judgment of record of this Court.

2

dated May 1, 1992 is hereby determined to be dischargeable pursuant to 11 U.S.C. § 523.

The complaint filed in the instant case alleged that after the discharge was entered defendants contacted Green and told him they would begin deducting sums for repayment of the student loan from his Social Security check. His attorney had notified defendants the debt had been discharged[3] and had been advised the deductions could not be stopped. The discharge order was not honored and deductions were made from Green's Social Security checks.

Green sought a citation of contempt, an award of attorney's fees and expenses, an award of damages for restitution and mental anguish, and injunctive relief to include the establishment of reasonable procedures to prevent future violations of discharge orders.

Rather than filing an answer defendants filed a motion for summary judgment in which they acknowledged payment of a portion of the student loan through Green's Chapter 13 plan, with the balance discharged. It was defendants' position they were merely trying to collect non-dischargeable interest on the student loan. No sworn materials were attached to the motion.

---

[3] Mr. Whitehurst's first notification to defendants was by letter of September 18, 2001.

Prior to the hearing on the summary judgment motion the United States Department of the Treasury [hereinafter Treasury] and Charles Wilson, an employee of the Financial Management Service of Treasury, filed a motion to dismiss, alleging their actions were taken in their official capacities pursuant to the direction of the United States Department of Education [hereinafter Education]. No evidentiary matter was submitted in support of the motion. In the accompanying brief Treasury argued it had no discretion to stop the deduction once the debt was certified by the United States Department of Education. Wilson argued since he was acting in his official capacity the complaint should be construed as a complaint against Treasury.

In response Green argued there was no admissible evidence offered in support of the motion for summary judgment and it should, therefore, be treated as a motion on the pleadings with the facts, as alleged in the complaint, viewed in a light most favorable to the plaintiff. Defendants were attempting to collect the full amount of the loan and not just the interest. Defendants were attempting to collect the entire balance of the debt including interest discharged upon completion of the plan. There was no such thing as a "partially non-dischargeable debt." Because the debt was discharged the interest was discharged as well.

Green argued that the motion to dismiss filed by Treasury and Wilson could not be justified because Treasury and Wilson violated the discharged bankruptcy injunction. Said discharge applied to both Treasury and Wilson.

After an April 2, 2002, hearing the bankruptcy court denied the defendants' motion for summary judgment by order of April 5, 2002. The court ruled that Green was not responsible for interest on the loan with the following language:[4]

> It is further ordered that judgment is granted in favor of the plaintiff with respect to the issue of liability for interest on the portion of the student loan paid in bankruptcy case number 91-73129. The student loan indebtedness was established by judgment entered in adversary proceeding number 91-70381 as $1,427.87 and satisfied and discharged by payment of said sum in full through the debtor's chapter 13 plan in bankruptcy case number 91-73129.[5]

The ruling was not appealed.

---

[4] The court has changed the quoted material from upper case used in the order to standard type for easier reading. No change has been made in the substance of quoted material.

[5] At the April 2, 2002, hearing, the words of the court as reflected in the transcript, at 9, read in the following manner:

> The consent judgment is pretty clear on its face. What is says is on the payment of "x" dollars which is a thousand, fifteen hundred dollars or somewhere in that range, that the debt is discharged. I mean it is a flat number. It doesn't have interest.

Following the April 5, 2002, order of the bankruptcy court Education filed a "motion to Dismiss, or in the Alternative, Motion for Summary Judgment listing the following defenses:

1) There was insufficiency of service of process;

2) Education was acting in the line and scope of its statuary authority;

3) Education had sovereign immunity;

4) Green had not exhausted his administrative remedies;[6]

5) Green suffered no injury because the amount of money set off from plaintiff's Social Security was "nominal, the setoff order was rescinded, and all monies were returned to plaintiff as soon as possible after receipt of the complaint;"

6) Green could not recover damages for emotional distress; and

7) Green could not be awarded attorney fees because Green did not exhaust administrative remedies.

In response Green argued that the offset statute cited by Treasury had no application after the filing of the bankruptcy case. None of defendants' cited authorities supported the argument that a contempt citation could not be entered against Treasury. Wilson was being sued in his individual capacity. He was not

---

[6] Education argued Green was required to first seek a citation to Education to show cause why it should not be held in contempt. Green could not recover equitable relief because of adequate remedy at law.

claiming immunity and agency employees as well as the agency can be liable for contempt.

In replying to Education's motion for judgment on the pleadings Green countered with the following:

1) Service was proper pursuant to Bank. Rule 7004(b)(4);

2) Education was not acting pursuant to statutory authority because it was violating the discharge injunction in 11 U.S.C. §524;

3) Sovereign immunity was waived by statute in 11 U.S.C. §106(a);

4) Non-claim provisions of Federal Tort Claims Act has no application;

5) Complaint should be fairly construed as requesting a show cause hearing, or should it not be so construed, plaintiff should have the opportunity to amend the complaint to request a show cause hearing;

6) Legal remedies will not prevent a repeat of defendants' misconduct; and

7) This circuit recognizes claims for both monetary damages and attorney fees against the United States in contempt actions.[7]

On July 5, 2002, following the June 25, 2003, hearing the court entered an order by which it granted, in part, the motion for summary judgment with respect to Charles A. Wilson and Treasury and required plaintiff to file an

---

[7] *See In re Hardy*, 97 F.3d 1384 (11th Cir. 1996); *In re Jove Engineering, Inc.*, 92 F.3d 1539 (11th Cir. 1996).

amended complaint on or before July 2, 2002. An amended complaint requesting the same relief was filed before entry of the written order. The amended complaint set out the facts in more detail and requested injunctive relief. It cited 11 U.S.C. § 105 as the basis for the contempt citation, asked for a show cause hearing, and requested a finding of both civil and criminal contempt. After filing the original complaint a second deduction was made from Green's Social Security check. Only one of the two deductions was refunded.

On the same date, July 2, 2002, Green filed the affidavit of his attorney J. Paul Whitehurst, along with copies of Whitehurst's written communications with defendants, providing a chronology of events beginning with two letters Green received from Treasury and Wilson and a collection agency for Education that it intended to collect debts owed Education by deductions from Green's Social Security checks. Green's attorney notified defendants that Green's debt had been discharged in bankruptcy. Defendants offered excuses for failing to stop deductions from plaintiff's Social Security checks: their inability to stop the offset; plaintiff's failure to exhaust administrative remedies; etc. Throughout the time period communications[8] were flowing, plaintiff's attorney continued to insist

---

[8] The details of the communications are outlined in the briefs which are a part of the record and copies of the documents appear in tabbed section 29.

8

that defendants comply with the bankruptcy discharge. Beginning with the November 2001 payment Green's Social Security check was offset. A similar deduction was made in December. One refund in the amount of $150.60 was sent to Green in December 2001.

On July 2, 2002, Green filed a motion to alter, amend, or vacate the judgment, requesting the bankruptcy court to reverse its June 25, 2002, bench ruling granting summary judgment to Treasury and Wilson in which it had *sua sponte* raised the issue of insufficient notice of bankruptcy discharge as a defense to contempt. Green's position was that receipts of documents attached to Whitehurst's affidavit provided sufficient notice. Too, prior to receipt of the notice of discharge Treasury and Wilson had taken the position that there was noting they could do to stop the offset.

Defendants filed a motion to dismiss the amended complaint and Treasury and Wilson responded to Green's motion to alter, amend or vacate the judgment, arguing that they had insufficient documentation of the discharge. They had no discretion to stop the off-set and they had not acted willfully or in bad faith.

In their July 8, 2002, motion for judgment on the pleadings defendants argued Treasury and Wilson were given insufficient notice of the

discharge notice. All defendants argued that Green failed to communicate with a specific address provided.

By filing date July 9, 2002, Green renewed his motion to alter, amend or vacate the judgment. Said motion referred to and included the bench ruling and the July 5, 2002, written order, it being unclear if the July 5, 2002, order was intended to overrule the earlier motion to alter, amend or vacate the judgment.

In the supplement to the motion to dismiss, or in the alternative, motion for summary judgment filed by Treasury and Wilson the defendants argued the court could not require a federal agency to do something not required by law. They should be dismissed because they could not furnish the request. They, additionally, filed a motion for sanctions against Whitehurst for pursuing the matter, contending restitution had been made.

Green's responses to the motions filed by defendants were not received by the clerk until August 16, 2002, the day after the hearing. On August 19, 2002, the bankruptcy court granted summary judgment to all defendants. An August 23, 2002, order followed denying all other pending motions or finding them moot by the entry of the summary judgment order.

It is undisputed that the loan at issue was discharged in bankruptcy. Said bankruptcy discharge order requires compliance. *Celotex Corp. v. Edwards*,

514 U.S. 300, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995) (In refusing to allow the injunction of the bankruptcy court to be collaterally attacked the court said that the injunction must be complied with unless it was set aside). The court at 514 U.S. 313, 131 L. Ed.2d at 413 specifically said the following:

> We have made clear that " '[i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected.' " *Walker v. Birmingham* 388 U.S. 307, 314, 18 L. Ed. 2d 1210, 87 S. Ct. 1824 (1967) (quoting *Howat v. Kansas*, 258 U.S. 181, 189-190, 66 L. Ed. 550, 42 S. Ct. 277 (1922)).[9]

It is immaterial whether defendants feel plaintiff's pleadings were deficient. The bankruptcy court discharged the debt. The United States Code, 11 U.S.C.A § 524 (a) (2) holds that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." All are prohibited from commencing any action to collect, recover, or offset the debt. Defendants had no legal right to pursue payment of interest of the student loan or deduct monies from plaintiff's checks. Regardless of their assertions to the

---

[9] In *Walker* the Supreme Court refused to excuse compliance with an injunction, argued to be illegal, holding compliance was mandated until the law was challenged.

contrary agency regulations and policies do not negate the rule of law set by code and court interpretation. No statute or federal regulation brought before the court requires compliance with agency rules and regulations in lieu of the law established by code and judicial interpretation. The discharge injunction is self executing. Green is not required to do anything other than give notice to his creditors of the existence of the discharge injunction. He did. Green's Social Security benefits were illegally taken. Summary judgment should never have been entered.

The court holds that the order of the bankruptcy court granting summary judgment be and it hereby is VACATED.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 2d day of September 2003.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.